IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-34-FL-1
NO. 5:12-CV-352-FL

| | | |
|---|---|---|
| SAMUEL NEAL STRICKLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 34). On July 30, 2012, the government filed motion to dismiss, arguing that the petition was untimely filed and that petitioner in plea agreement waived his right to collaterally attack his conviction. However, on August 27, 2012, the government filed notice of withdrawal of its motion to dismiss and waived its previously asserted defenses. The government suggests that the court reach the merits of the § 2255 petition and vacate petitioner's conviction.

On September 8, 2009, petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on December 7, 2009, to a term of 45 months' imprisonment, followed by a three-year term of supervised release.

In light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. <u>See</u> 18 U.S.C. § 922(g)(1). Where the government waives defenses previously asserted in motion to dismiss and concedes that

petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED as follows. Judgment of conviction and sentence dated December 7, 2009, is VACATED. Petitioner is ORDERED to be released from federal custody, subject to pending detainers, if any, unless some cause be shown by the government on or before noon on August 29, 2012, why petitioner is not now entitled to this relief.

SO ORDERED, this the 27th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge